James P. Keenley (CA Bar No. 253106)
Emily A. Bolt (CA Bar No. 253109)
Brian H. Kim (CA Bar No. 215492)
BOLT KEENLEY KIM LLP
2855 Telegraph Ave., Suite 517
Berkeley CA 94705
Phone: (510) 225-0696
Fax: (510) 225-1095

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN CAMPA | Case No.: 3:23-cv-1760 |
| Plaintiffs, | **COMPLAINT (ERISA)** |
| v. | **CLASS ACTION** |
| BOARD OF TRUSTEES OF THE SHEET METAL WORKERS PENSION PLAN OF NORTHERN CALIFORNIA; BENESYS, INC. | |
| Defendant. | |

## INTRODUCTION

1. This case seeks redress for Defendants Board of Trustees of the Sheet Metal Workers Pension Plan of Northern California's ("Trustees") and Benesys, Inc.'s ("Benesys") breaches of fiduciary duty with respect to the Sheet Metal Workers Pension Plan of Northern California (the "Plan"). Defendants failed to administer the Plan in accordance with its terms in approving Plaintiff Stephen Campa's, and a class of similarly situated retirees, application for unreduced early retirement benefits from the Plan. This breach caused Plaintiff to retire in 2018 on the expectation that he would

receive an unreduced early retirement pension for the remainder of his life. If Defendants had not approved Plaintiff's application for an unreduced early retirement pension, he would not have retired in 2018; instead he would have kept working in order to meet the eligibility requirements for an unreduced pension. In 2022, Defendants became aware of their failure to administer the Plan in accordance with its terms and determined that Plaintiff's pension benefits had been overpaid, and sent Plaintiff a letter demanding repayment of $19,440 in pension benefits along with a notification that his benefits would be reduced going forward by $432 per month, and then reduced his benefits by an additional $120.35 per month to recover the overpayment.

## JURISDICTION

2. Plaintiffs bring this action for declaratory, injunctive, and monetary relief pursuant to sections 502(a)(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132 (a)(3). This Court has subject matter jurisdiction over Plaintiffs' claim pursuant to ERISA § 502(e) and (f), 29 U.S.C. § 1132(e) and (f), and 28 U.S.C. § 1331.

## VENUE

3. Venue lies in the Northern District of California pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), because the breaches alleged occurred in this District, and the ERISA-governed plan at issue was administered in this District. Venue is also proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claim occurred within this District.

## INTRADISTRICT ASSIGNMENT

4. This case should be assigned to the San Francisco / Oakland division because Plaintiff resides in this division, the Plan's administrative offices are in this division, and the Plan is administered in this division.

## PARTIES

5. At all relevant times, Plaintiff Stephen Campa was a participant in the Plan within the meaning of ERISA § 3(7), 29 U.S.C. § 1002(7).

6. At all relevant times, Defendant Board of Trustees of the Sheet Metal Workers Pension Plan of Northern California had discretionary authority to determine participant eligibility for pension

1 benefits and to construe the terms of the Plan and was a fiduciary of the Plan within the meaning of ERISA § 3(21), 29 U.S.C. § 1002(21).

7. At all relevant times Defendant Benesys, Inc. was the Plan's "Fund Manager." Benesys is responsible for day-to-day administration of the Plan, including processing of applications for benefits and issuance of benefit checks, and a fiduciary of the Plan within the meaning of ERISA § 3(21), 29 U.S.C. § 1002(21) because it exercises discretionary authority or control in the administration of the Plan and discretionary authority or control respecting disposition of the Plan's assets.

## **FACTS**

8. Plaintiff Stephen Campa worked as a sheet metal worker for the entirety of his career. He retired at age 59 with 20.25 vesting service credits in the Plan on January 1, 2019.

9. Prior to retiring, Plaintiff met with the Plan's administrative staff on multiple occasions between 2016 and 2018, over the phone and in person, in order to ensure that he had met the eligibility criteria for an unreduced early retirement pension before he retired. Plaintiff was informed at these meetings that he could retire at age 58 and receive an unreduced early retirement pension with a life ten-year certain form of payment.

10. A life ten-year certain form of payment provides for a monthly benefit payment that continues for the life of the retiree and is guaranteed for ten years, if the participant dies before 120 months of payments are made, the remainder of the guaranteed payments are paid to the participant's beneficiaries. A life ten-year certain form of payment is actuarially reduced to account for the longer guaranteed payment period.

11. Plaintiff was specifically told on multiple occasions by Melanie Masters, the Plan's "Pension Coordinator," that he could retire at age 58 and receive an unreduced early pension benefit prior to his retirement on December 31, 2018.

12. Plaintiff completed his pension application on December 10, 2018, in person at the Plan's administrative offices. When he was filling out his application Plaintiff spoke with one of the

Plan's administrative staff, named Betty, last name unknown to Plaintiff, who Plaintiff understood to be Ms. Masters's supervisor. Betty reviewed Plaintiffs' application with him and specifically confirmed that he was eligible for an unreduced early retirement pension at age 58.

13. The information Plaintiff received from the Plan's administrative staff is consistent with language in the Plan's Summary Plan Description and formal Plan Document that provides examples of early retirement that state, in relevant part: "a Participant with at least ten years of Vesting Credit who has been active during the 36 months prior to retirement is entitled to an unreduced pension. By way of example, a Participant who starts earning Vesting Credit at age 48 who earns ten years of Vesting Credit and is active at age 58 would be entitled to an unreduced early pension benefit at age 58." This language first appeared in the Plan when the Board of Trustees adopted Amendment Two to the Plan on September 20, 2016.

14. Based on the information he received from the Plan's administrative staff and the Plan's Summary Plan Description, Plaintiff submitted his application for retirement to the Plan Administrator on December 10, 2018. On his application, Plaintiff indicated he was applying for an unreduced early retirement pension with a ten-year certain form of payment.

15. Defendants caused Plaintiff's application for an unreduced early retirement pension to be approved and sent him a letter on January 16, 2019 enclosing his first pension check and informing him that he was approved for an unreduced early retirement pension with a life ten-year certain form of payment.

16. On September 22, 2022, the Plan's administrative office sent Plaintiff a letter informing him that based on an audit, it had been determined that Plaintiff's benefit was being overpaid. The letter stated that Plaintiff should not have received an unreduced early retirement benefit, that instead he should have received a reduced early retirement benefit. The letter informed Plaintiff that his benefits had been overpaid by $432 per month for 45 months. The letter further informed Plaintiff that he was obligated to repay $19,440 to the Plan and that his benefit would be reduced to by $432 per month going forward.

17. Plaintiff depends on his pension benefits for his basic financial needs, the reduction of

his monthly income by $432 per month has a significant impact on his financial well being and ability to support himself in his retirement.

18. On December 19, 2022, Plaintiff received a notification from the Plan's administrative office informing him that effective January 1, 2023 his pension benefit would be reduced by an additional $120.35 per month to recover the $19,440 overpayment. This reduction in Plaintiff's income also has a significant impact on his financial wellbeing and ability to support himself in retirement.

19. Plaintiff appealed the determination that his benefits had been overpaid using the Plan's appeal procedures. Plaintiff's appeal was denied November 8, 2022.

20. Plaintiff's application for an unreduced early retirement pension should not have been approved initially as it was contrary to the Plan's terms.

21. According to information provided by the Plan's auditor Plaintiff's application for unreduced early retirement benefits was incorrectly approved due to a "systematic programming error."

22. Subsequent to the denial of his appeal, Plaintiff was informed by the Plan's legal counsel that the language in the Plan Document and SPD indicating that a participant could retire at age 58 with ten years of vesting credit and receive an unreduced early retirement pension was a scrivener's error that did not reflect the actual terms of the Plan or the intent of the Defendant Trustees in adopting Amendment Two to the Plan.

23. Plaintiff is informed that at least thirty other retirees are affected by the same erroneous approval of unreduced early retirement benefits. These other retirees were also told by the Plan's administrative staff that they could retire at age 58 with an unreduced early retirement pension.

24. Defendant Trustees and Defendant Benesys, as fiduciaries and administrators of the Plan, had a fiduciary duty to administer the Plan in accordance with its terms and a duty to provide Plaintiff with complete and accurate information about his retirement benefits.

25. Defendants breached their fiduciary duties with respect to Plaintiff by giving plaintiff inaccurate information prior to his retirement about his eligibility for an unreduced early retirement

benefit, by distributing a Summary Plan Description with inaccurate information about participants' eligibility for an unreduced early retirement benefit, by causing a Plan amendment to be adopted with inaccurate language about participants' eligibility for an unreduced early retirement benefit, by approving Plaintiff's and a class of similarly situated retirees claims for an unreduced early retirement benefit, by failing to operate and administer the Plan in accordance with its terms, by failing to properly train the Plan's administrative staff, by failing to ensure the Plan's systems for processing benefit claims operated consistently with the Plan's terms, and by paying Plaintiff and a class of similarly situated retirees unreduced early retirement benefits that should not have been paid for a period of several years thereby causing Plaintiff and the similarly situated class of retirees to become indebted to the Plan.

26. As a direct and proximate result of Defendants' breaches of fiduciary duty Plaintiff has been significantly harmed in the following ways:

    a. Plaintiff retired years earlier than he otherwise would have in reliance on the Plan's administrative staff's representations that he was eligible for an unreduced early retirement pension, and in reliance on Defendants' actual approval of his claim for an unreduced early retirement pension and their communications to him that his claim for an unreduced early retirement pension had been approved, and in reliance on Plan's continuous payment of 45 months of unreduced early retirement benefits, which was caused by Defendants. Plaintiff would not have retired when he did if he knew he was not eligible for an unreduced early retirement pension, instead Plaintiff would have worked as long as it would have been necessary to meet the eligibility criteria for an unreduced early retirement benefit. By retiring early in reliance on being able to receive an unreduced early retirement benefit, Plaintiff forfeited years of income from active work, along with increased years of service under the Plan, and valuable welfare benefits provided through his union employment.

    b. Plaintiff planned for his financial needs in retirement in reliance on receiving an unreduced early retirement pension benefit and now that he is not able to receive an unreduced early retirement pension benefit he is unable to meet his basic financial needs in retirement.

    c. Plaintiff has become indebted to the Plan entirely because of Defendants'

breaches of fiduciary duty.

## RULE 23 ALLEGATIONS

27. Plaintiff brings this action as a proposed class action on behalf of himself and a Class of similarly situated retirees.

28. The proposed Class is all retired participants in the Sheet Metal Workers Pension Plan of Northern California who had an application for an unreduced early retirement pension benefit incorrectly approved and paid when they did not meet the eligibility criteria for the unreduced early retirement pension benefit because of the systematic error discovered by the Plan's auditor in approximately July 2022 ("Class Members").

29. The proposed Class is numerous, consisting of at least 30 retirees, such that joinder is impractical.

30. There are questions of law and fact common to the Class, including but not limited to:

a. Whether the Plan's administrative staff misrepresented the terms of the Plan to participants in the course of providing participants with information about their eligibility for unreduced early retirement pension benefits?

b. Whether Defendants distributed inaccurate Summary Plan Descriptions with erroneous information about eligibility for unreduced early retirement pension benefits?

c. Whether Defendant Trustees adopted a Plan amendment with erroneous information about eligibility for unreduced early retirement pension benefits?

d. Whether Defendants administered the Plan in accordance with its terms in approving Plaintiff's and Class Members' claims for unreduced early retirement pension benefits?

e. Whether Defendants misrepresented the terms of the Plan by informing Plaintiff and Class Members that their claims for unreduced early retirement pension benefits had been approved?

f. Whether Defendants misrepresented the terms of the Plan by causing the Plan to issue payments of unreduced early retirement pension benefits to Plaintiff and Class Members?

g. Whether Defendants failed to properly train the Plan's staff regarding the eligibility criteria for unreduced early retirement pension benefits?

h. Whether Defendants failed to ensure that the Plan's systems for processing benefit claims operated consistently with the Plan's terms?

i. Whether any of the conduct described in subparagraphs a through i constituted breaches of fiduciary duty under ERISA § 401(a)(1)(A)-(B)?

j. Whether Plaintiff and the Class are entitled to equitable surcharge or other monetary relief to make them whole for Defendants' breaches of fiduciary duty?

k. Whether, with respect to Plaintiff's and the Class's alternative claim for relief for professional negligence, Defendant Benesys failed to use the skill and care that a reasonably careful professional would have used in similar circumstances in processing pension benefit applications for Plaintiff and Class Members?

31. These common questions of law and fact predominate over any relevant individual issues.

32. Plaintiff is a member of the Class and has claims typical of the Class.

**FIRST CLAIM FOR RELIEF**
**(Breach of Fiduciary Duty Under ERISA § 401(a)(1) (A) and (B) against Defendants)**

33. Plaintiffs incorporate the preceding paragraphs as though set forth herein.

34. ERISA § 404(a)(1), 29 U.S.C. § 1104(a)(1), requires that a fiduciary discharge his or her duties with respect to a plan solely in the interest of the participants and beneficiaries, (A) for the exclusive purpose of providing benefits to participants and the beneficiaries of the Plan, and (B) with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent person acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims.

35. A fiduciary's duties of loyalty and prudence includes a duty to comply with the disclosure provisions of Title I of ERISA and a duty to provide complete and accurate information to participants and beneficiaries about circumstances material to their benefits.

36. A fiduciary's duties of loyalty and prudence includes a duty to administer the Plan consistent with its terms, which includes the duty to not approve claims for benefits that are not

permitted under the Plan terms when the fiduciary knows, or should know, that participants will rely on the fiduciary's approval of a claim in making decisions about when to retire and how to plan for their finances in retirement.

37. Defendants breached their fiduciary duties of loyalty and prudence by giving Plaintiff inaccurate information prior to his retirement about his eligibility for an unreduced early retirement benefit, by distributing a Summary Plan Description with inaccurate information about participants' eligibility for an unreduced early retirement benefit, by causing a Plan amendment to be adopted with inaccurate language about participants' eligibility for an unreduced early retirement benefit, by approving Plaintiff's and a Class of similarly situated retirees' claims for an unreduced early retirement benefit, by failing to operate and administer the Plan in accordance with its terms, by failing to properly train the Plan's administrative staff, by failing to ensure the Plan's systems for processing benefit claims operated consistently with the Plan's terms, and by paying Plaintiff and a class of similarly situated retirees unreduced early retirement benefits that should not have been paid for a period of several years.

38. ERISA § 502(a)(3), 29 U.S.C. § 1102(a)(3), authorizes a plan participant to bring a civil action to obtain appropriate equitable relief to redress violations of ERISA, including Defendant's breaches of its fiduciary duties under ERISA § 401(a)(1), 29 U.S.C. § 1104(a)(1).

39. Under ERISA § 502(a)(3), 29 U.S.C. § 1102(a)(3), Plaintiffs and the class of similarly situated employees are entitled to an equitable surcharge to make them whole for the financial harm caused by Defendants' breaches of fiduciary duty.

**ALTERNATIVE SECOND CLAIM FOR RELIEF**
**(Claim for Professional Negligence Against Defendant Benesys, Inc.)**

40. Plaintiff pleads this alternative claim for relief for professional negligence under California law against Defendant Benesys, Inc. in the event it is determined that Benesys was not a fiduciary of the Plan.

41. Defendant Benesys markets itself as a specialist provider of administrative and information technology services to Taft-Hartley trust funds like the Plan and provides a software

system called BenefitDriven that the company markets as dedicated to providing Taft-Hartley trust funds with efficient tools for self-administering trust fund accounts.

42. If Defendant Benesys, Inc. was not a fiduciary of the Plan, then it was under a duty to perform its administrative functions with respect to the Plan, including processing benefit applications, issuing benefit payments, and supporting and maintaining its software platform consistent with the level of skill and care that other reasonably careful professionals would use in providing these types of administrative and technological services to pension plans and Taft-Hartley trust funds.

43. If Defendant Benesys was not a fiduciary of the Plan, then Defendant Benesys breached its professional duty of care by failing to ensure that the software systems it provided to the Plan operated in accordance with the Plan terms, by failing to correctly process Plaintiff's and the Class's applications for unreduced early retirement benefits, by issuing payments to Plaintiff and the Class that were in excess of the amounts Plaintiff and the Class should have received, by providing information to Plaintiff and the Class about the amount of their benefits before Plaintiff and the Class retired that was inaccurate and overstated the amount of benefits they could obtain, by providing inaccurate information about Plaintiff's and the Class's benefits to the Plan's administrative staff that caused the Plan's administrative staff to convey inaccurate information to Plaintiff and the Class about their retirement benefits, and by related acts and omissions in the administration of the Plan.

44. As a direct and proximate result of Defendant Benesys's breach of its professional duty of care, Plaintiff and the Class have suffered significant financial harm, including by retiring years earlier than they otherwise would have in reliance on their ability to receive an unreduced early retirement pension and thereby forfeiting substantial income from work and additional welfare and pension benefits in the process, by planning for their retirements in reliance on being able to receive an unreduced early retirement pension that they were not in fact eligible to receive and as such are now inadequately prepared to meet their financial needs in retirement, and by becoming indebted to the Plan for overpaid benefits.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that the Court grant the following relief:

    A.    Declare that Defendants breached their fiduciary duties to Plaintiff and the Class and/or knowingly participated in breaches of fiduciary duty;

    B.    Order that Defendant provide appropriate equitable relief to Plaintiff and the Class, including but not limited to an equitable surcharge making Plaintiff and the Class whole for the financial harm caused by Defendants' breaches of fiduciary duty;

    C.    Award Plaintiffs and the Class attorneys' fees and costs of suit incurred herein pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g);

    D.    Pursuant to the Alternative Second Claim for Relief, order Defendant Benesys to pay damages to Plaintiff and the Class in an amount to be proved at trial;

    E.    Provide such other relief as the Court deems equitable and just.

**A JURY TRIAL IS HEREBY DEMANDED AS TO THE ALTERNATIVE SECOND CLAIM FOR RELIEF.**

Dated:  April 12, 2023

Respectfully submitted,

BOLT KEENLEY KIM LLP

By: /s/ *James P. Keenley*
James P. Keenley
Attorneys for Plaintiff